JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DEREK PENN, individually, and on behalf of Aggrieved Employees pursuant to the California Private Attorneys General Act,

Plaintiff,

v.

TEAM INDUSTRIAL SERVICES, INC.; and DOES 1 through 25, inclusive,

Defendants.

Case No. 2:25-cv-11927-SPG-SK

**ORDER GRANTING PLAINTIFF DEREK PENN'S MOTION TO REMAND [ECF NO. 9]**

Before the Court is the Motion to Remand, (ECF No. 9 ("Motion")), filed by Plaintiff Derek Penn ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

I.       **BACKGROUND**

The following background is taken from Plaintiff's Complaint. (ECF No. 1-1 ("Complaint")). Plaintiff has worked as a technician for Defendant Team Industrial Services, Inc. ("Defendant") since approximately March 2024. (*Id.* ¶ 18). Plaintiff alleges that Defendant has failed to properly pay overtime and minimum wages for all hours

-1-

worked, failed to provide meal and rest breaks, failed to timely pay all wages upon termination of employment, failed to provide accurate wage statements, failed to keep accurate employment records, failed to reimburse necessary business-related expenses, and failed to adhere to other requirements of the California Labor Code. (*Id.* ¶ 19).

Plaintiff brings this action under the California Private Attorneys General Act ("PAGA") on behalf of the State of California and all aggrieved employees of Defendant. (*Id.* ¶¶ 21-25). Plaintiff alleges that he provided notice to the California Labor and Workforce Development Agency ("LWDA") on July 7, 2025, and received no response within the statutory period. (*Id.* ¶¶ 26-27). Plaintiff asserts a single cause of action under PAGA, based on underlying violations of various California Labor Code provisions. (*Id.* at 6-16). As relief, Plaintiff requests civil penalties, injunctive relief, and attorney's fees. (*Id.* at 16).

Plaintiff initiated this case in Los Angeles County Superior Court on September 12, 2025. (*Id.* at 1). Defendant answered the Complaint on December 17, 2025, and, on the same day, removed the case to this Court based on diversity jurisdiction. (ECF Nos. 1, 1-3). Plaintiff filed the instant Motion on January 16, 2026, requesting remand to the Superior Court. (Mot.). Defendant filed an opposition to the Motion on February 18, 2026, (ECF No. 10 ("Opposition")), and Plaintiff replied in support of the Motion on February 25, 2026, (ECF No. 11 ("Reply")).

Separately, on July 8, 2025, Plaintiff filed a class action complaint raising similar claims of California Labor Code violations on behalf of a class of similarly situated employees. Defendant removed that case to this Court on August 15, 2025, and it remains pending before this Court. *See Penn v. Team Indus. Servs., Inc.*, 2:25-cv-07652-SPG-RAO (C.D. Cal.) ("*Penn I*").

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, with subject-matter jurisdiction only over matters authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal

court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or there is diversity jurisdiction under 28 U.S.C. § 1332. Courts have diversity jurisdiction over cases where there is complete diversity of parties and the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The removal statute is strictly construed against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). Courts resolve any doubt about the right of removal in favor of remand. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

## III.    DISCUSSION

Plaintiff raises two arguments in favor of remand. First, Plaintiff argues that complete diversity does not exist because the State of California is the real party in interest in this PAGA-only action, and a state is not a "citizen" for diversity purposes. (Mot. at 3-4). Second, Plaintiff argues that Defendant has failed to prove the amount in controversy exceeds $75,000 because the amount in controversy in a PAGA action is calculated based solely on the named plaintiff's pro-rata share of civil penalties and attorney's fees. (*Id.* at 5-7).

In its Opposition, Defendant argues that complete diversity exists because Plaintiff, not the State of California, is the real party in interest. (Opp. at 11-14). Defendant also argues that, in calculating the amount controversy, the Court should include the full cost of attorney's fees to prosecute the individual PAGA action, the State's share of civil penalties, and the named Plaintiff's potential service award as a class representative. (*Id.*

-3-

at 14-20).  Finally, Defendant argues that the Court can exercise supplemental jurisdiction over this action based on the diversity jurisdiction it has over Plaintiff's separately pending class action complaint.[1]  (*Id.* at 22-25); *see Penn I.*

Plaintiff has identified two Ninth Circuit decisions that warrant preliminary discussion.  First, in *Urbino v. Orkin Services of California, Inc.*, the Ninth Circuit considered "whether the penalties recoverable on behalf of *all* aggrieved employees may be considered in their totality to clear the jurisdictional hurdle" for purposes of a representative PAGA action.  726 F.3d 1118, 1122 (9th Cir. 2013).  Applying the traditional rule that "claims of class members can be aggregated to meet the jurisdictional amount requirement only when they 'unite to enforce a single title or right in which they have a common and undivided interest,'" *id.* (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)), the Ninth Circuit concluded that the claims of aggrieved employees in a PAGA action cannot be aggregated because "[e]ach employee suffers a unique injury . . . that can be redressed without the involvement of other employees," *id.*  Addressing the defendants' contention that the interest asserted by the plaintiff "is not his individual interest but rather the state's collective interest in enforcing its labor laws through PAGA," the *Urbino* court concluded that, "[t]o the extent Plaintiff can—and does—assert anything but his individual interest . . . , we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction." *Id.* at 1122-23.  As the court explained, "[t]he state, as the real party in interest, is not a 'citizen' for diversity purposes." *Id.* at 1123.

---

[1] Defendant also argues that the Court should dismiss the Motion outright for Plaintiff's failure to comply with the meet-and-confer requirement of Local Rule 7-3.  Defendant attests that, although the parties exchanged emails regarding this Motion, they did not hold any telephonic, video, or in-person conference, as required by Local Rule 7-3.  Given that this Motion raises fundamental issues with the Court's jurisdiction over this action, and given the lack of any identified prejudice from the apparent violation, the Court declines to strike the Motion on this basis.

-4-

Second, in *Canela v. Costco Wholesale Corp.*, 971 F.3d 845 (9th Cir. 2020), the Ninth Circuit considered whether the district court had jurisdiction under § 1332 or the Class Action Fairness Act ("CAFA") over a single PAGA claim.  In examining the district court's diversity jurisdiction, the Ninth Circuit began with a discussion of *Urbino*, which it characterized as holding that "PAGA civil penalties could not be aggregated for [jurisdictional purposes], and therefore that the district court lacked diversity jurisdiction." *Id.* at 849.  Applying this principle, the Ninth Circuit concluded that, although the defendant identified more than $5,000,000 in potential civil penalties and $1,000,000 in attorney's fees, the $75,000 jurisdictional threshold was not met because the named plaintiff's "pro-rata share of civil penalties, including attorney's fees, totaled $6,600 at the time of removal."  *Id.* at 850.  In a footnote, the Ninth Circuit observed that the *Urbino* court was "also unpersuaded that the PAGA action could satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen." *Id.* at 849 n.1.  However, because the court reversed based on the amount in controversy, it did not reach the question of whether complete diversity existed.  *See id.*  With this background, the Court now turns to Plaintiff's arguments in favor of remand.

## A.    Complete Diversity

Plaintiff first argues that diversity jurisdiction is lacking because the real party in interest for Plaintiff's PAGA claim is the State of California.  As the Supreme Court has explained, "a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973).  Because the diversity statute refers to "citizens of different States," 28 U.S.C. § 1332(a)(1), if the real party in interest is the State of California, then this Court lacks diversity jurisdiction. *See Missouri, K. & T. Ry. Co. of Kansas v. Hickman*, 183 U.S. 53, 58 (1901) ("If that conclusion [that the state was the real party in interest] be correct then no removal in this case was justifiable, because a state is not a citizen within the meaning of the removal acts."); *State of Minnesota v. N. Sec. Co.*, 194 U.S. 48, 63 (1904) ("[T]he circuit court could not take cognizance of the case as one

presenting a controversy between citizens of different states, for the state of Minnesota is not a citizen within the meaning of the Constitution or the acts of Congress.").

Under *Urbino* and *Canela*, it appears that the State of California may be the real party in interest in this action. As noted above, the *Urbino* court recognized that "[t]o the extent Plaintiff can—and does—assert anything but his individual interest," such a suit would not satisfy "the requirements of federal diversity jurisdiction" because the "primary benefits" of the claim "inure to the state." *Urbino*, 726 F.3d at 1122-23. Following *Urbino*, a number of district courts rejected this portion of the opinion as dicta or as cabined to situations where the plaintiff asserts something beyond his individual interest. *See, e.g.*, *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1046 (N.D. Cal. 2014) ("The better reading of this passage is that the Ninth Circuit was indulging, for the sake of argument, the defendant's contention that John Urbino was effectively a representative of the State of California, and nothing that even if this were so, diversity jurisdiction would be lacking for a different reason."). However, in *Canela*, the Ninth Circuit clarified that *Urbino* held that the PAGA action did not "satisfy the complete diversity element because the State of California was the real party in interest and was not a citizen." *Canela*, 971 F.3d at 849 n.1. Following *Canela*, other courts in this District have concluded that cases asserting only a PAGA claim lack diversity because the State of California is the real party in interest. *See, e.g.*, *Alvarez v. AutoZone, Inc.*, No. EDCV-14-2471-FMO-SPx, 2022 WL 1404245, at *3 (C.D. Cal. May 3, 2022); *Madero v. McLane Foodservice, Inc.*, No. SACV 24-1013-KK-DTBx, 2024 WL 3251730, at *4 (C.D. Cal. June 18, 2024). Given the language in *Canela*, the Court is inclined to agree with this reading of *Urbino*. However, the Court ultimately need not decide this question since, as discussed below, Defendant has not shown that the amount in controversy requirement is met.

### B.    Amount in Controversy

Defendant asserts that the amount in controversy solely as to the named Plaintiff is $227,100. (Opp. at 21-22). To arrive at this number, Defendant includes the maximum possible civil penalties for each of the underlying Labor Code violations, a $7,500 service

award for Plaintiff, and $157,500 in attorney's fees. (*Id.*). This latter number is calculated based on a $1,050 per hour fee previously charged by Plaintiff's Counsel in other cases and a "conservative estimate of 150 hours associated with litigating Plaintiff's individual PAGA claim." (*Id.* at 16). In his portion of the briefing, Plaintiff argues that the amount-in-controversy should not include the 65% share of PAGA penalties allocated to the State of California. (Mot. at 5). Plaintiff also argues that attorney's fees must be allocated on a pro-rata basis among all aggrieved employees. (*Id.* at 6).

The Court agrees with Plaintiff that Defendant's estimate of attorney's fees must be calculated on a pro-rata basis. As the Ninth Circuit held in *Canela*, the amount in controversy in a PAGA action is calculated based on the named plaintiff's "pro-rata share of civil penalties, including attorney's fees." *Canela*, 971 F.3d at 850. In a footnote, the court explained that evaluating attorney's fees on a pro-rata basis is appropriate because "PAGA does not provide that attorney's fees may only be awarded to the representative who files the suit" and because "California courts have not treated only the representative or named plaintiff as a prevailing party." *Id.* at 850 n.2 (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001)). Defendant cites to *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639 (2022), to suggest that plaintiffs may now pursue both representative and individual PAGA actions, such that attorney's fees must be evaluated based on Plaintiff's individual claim. (Opp. at 15). However, "[w]hile *Viking River* held that PAGA claims can be split into individual claims when preempted by the Federal Arbitration Act, there is no arbitration agreement at issue here." *McMillon v. O'Reilley Auto Enters., LLC*, No. 3:25-cv-01357-CAB-SBC, 2025 WL 2825878, at *5 (S.D. Cal. Oct. 3, 2025). Defendant cites no authority to suggest that *Viking River* somehow overruled *Canela*, and numerous district courts since *Viking River* have continued to apply the *Canela* standard. *See id.* (collecting cases). In the absence of any contrary authority, the Court will apply *Canela* and estimate attorney's fees on a pro-rata basis.

Neither party has provided an estimate of the number of aggrieved employees, so the Court cannot precisely calculate Plaintiff's pro-rata share of any attorney's fees award.

However, given that Plaintiff's claims are on behalf of all "aggrieved employees" of Defendant, it is all but certain that Plaintiff's pro-rata share of this figure will be reduced by multiple orders of magnitude (i.e., that there are at least 100 aggrieved employees). This is particularly true given Defendant's assertion in the related class action case that "at least 1,800 non-exempt employees worked for [Defendant] in California during the Class Period." *Penn I*, ECF No. 1 at 5. Given this estimate, even accounting for the shorter limitations period for PAGA claims, the Court will conservatively assume that there are 100 aggrieved employees, meaning that Plaintiff's share of attorney's fees is no more than $1,575. Using this figure, even assuming Defendant's other arguments are meritorious, the amount in controversy would not exceed $75,000.[2]

### C.    Supplemental Jurisdiction

Lastly, Defendant contends that this Court can exercise supplemental jurisdiction over this action based on the claims before the Court in *Penn I*. (Opp. at 22). However, courts may only exercise supplemental jurisdiction over claims "*in any civil action* of which the district courts have original jurisdiction" where those claims "are so related to claims *in the action* within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (emphasis added). As the Ninth Circuit has

---

[2] Based on Plaintiff's estimates, the amount in controversy would be $71,175 ($62,100 in civil penalties, $7,500 service award, and $1,575 in attorney's fees). Though not necessary to its conclusion that the amount in controversy is not met, the Court notes that the majority of courts to address the issue have interpreted *Urbino*'s reference to the State of California as the "real party in interest" to require exclusion of the portion of PAGA penalties paid to the State from the amount in controversy. *See, e.g.*, *McMillon*, 2025 WL 2825878, at *4; *Lazare v. Unifirst Corp.*, No. 25-cv-03028-JST, 2025 WL 2751807, at *2 (N.D. Cal. Sept. 29, 2025); *Tighe v. Ferrellgas Partners, L.P.*, No. 5:24-cv-02643-SSS-DTBx, 2025 WL 2410925, at *2 (C.D. Cal. Aug. 19, 2025); *Mendoza v. Movement Mortg., LLC*, No. 2:24-cv-03479-DAD-CSK, 2025 WL 1646897, at *5 (E.D. Cal. June 11, 2025); *Butt v. 9W Halo W. Opco, LP*, No. 2:22-cv-02012 WBS AC, 2023 WL 196472, at *2 (E.D. Cal. Jan. 17, 2023); *Hesselink v. Am. Fam. Life Assurance Co. of Columbus*, 2020 WL 7768711, at *3 (C.D. Cal. Dec. 30, 2020). Applying this rule would reduce the civil penalties by 65%, resulting in an amount in controversy of $30,810.

explained, "[t]he phrases 'in any civil action' and 'in the action' require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case." *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997). "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996). Accordingly, the Court cannot exercise supplemental jurisdiction based on jurisdiction that exists over a separate case.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. This action is REMANDED to the Los Angeles County Superior Court, and this case is closed.

**IT IS SO ORDERED.**

DATED: March 17, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-9-